Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Joseph P. Phelps, Jr., Appellee.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, *Robert C. Bell,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Martin J. Cunningham, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., January 6, 1981:

The narrow question presented for decision in this case is whether the trial court abused its discretion in denying the Commonwealth's request for a "continuance of 15 minutes" and sustaining Joseph P. Phelps, Jr.'s (Phelps) appeal when the Commonwealth failed to call its first witness. We hold that the trial court did abuse its discretion and reverse.

On February 7, 1979 Phelps was requested to submit to a chemical test of his breath. The issue on the merits before the trial court was to have been whether he consented to the test and endeavored to comply or whether he refused the test. On the basis that he had refused the test, Phelps was notified by notice dated February 22, 1979 that his operating privileges were suspended for a period of six months.

On February 28, 1979 Phelps filed his appeal with the trial court and a hearing was set for April 2, 1979. A supersedeas was granted. At the request of counsel for Phelps, with the agreement of Counsel for the Commonwealth, this April 2, 1979 hearing was twice continued, once to May 14, 1979 and once to July 2, 1979. The entire transcript of the hearing on July 2, 1979 follows:

MR. LEVIN: Your Honor, I request a continuance of 15 minutes for the police officer.

MR. SALUS: Your Honor, I oppose any delay of this hearing at this time. This matter

has been scheduled for today. The Commonwealth got full notice of when it was supposed to be and they do not have their witness here.

MR. LEVIN: May it please the court, Your Honor, the Commonwealth gave Mr. Salus two continuances at his request, not at the Commonwealth's request. We continued this matter on 4-2-79 at the request of Mr. Salus. We continued it on 5-14-79.

THE COURT: Continued by agreement of counsel? Was it continued by agreement of counsel?

MR. LEVIN: Yes, but at the request of Mr. Salus.

THE COURT: You are asking Mr. Salus to agree to continue it now?

MR. LEVIN: Only for 15 minutes.

THE COURT: Do you agree to continue it, Mr. Salus?

MR. SALUS: No, I don't, Your Honor.

THE COURT: You may call your first witness, Mr. Levin.

MR. LEVIN: I can't start the case until my police officer is here.

THE COURT: The appeal is sustained.

MR. LEVIN: I take exception to your ruling, Your Honor.

THE COURT: I understand.

The trial court relies on *Mazi v. McAnlis*, 365 Pa. 114, 74 A.2d 108 (1950) as ruling that whether to grant a continuance is completely within the sound discretion of the trial court. This is interesting indeed for in *Mazi, id.* at the time of the hearing, counsel was present but the client was not. The court directed a verdict. This was subsequently set aside and a new trial granted. In the instant case, as in that case, the trial court abused its discretion. The result will be the

same. We will order a remand and direct the trial de novo to proceed.

The other case cited by the trial court is *Babb v. Bullock*, 33 D. & C.2d 247 (1964). That case is quite different from the instant case. There the case had been twice listed for trial and twice continued at the request of the plaintiff and in one instance over the objection of defendant. The trial court refused a third continuance and a nonsuit was entered. In the instant case the hearing had been continued twice at the request of Phelps, the party who now objects to a 15 minute delay.

We will not labor the point that the refusal of a request for a 15 minute "continuance" under the circumstances reflected in the above record constitutes a manifest abuse of discretion granted the trial court by Rule 218 of the Pennsylvania Rules of Civil Procedure.

Accordingly, we will enter the following

ORDER

AND Now, January 6, 1981, the order of the Court of Common Pleas of Montgomery County to No. 79-03394, entered July 5, 1979 is reversed and the record is remanded for a hearing.