600 A.2d 708

**Charles BLOBNER, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1991.

Decided Dec. 6, 1991.

Wayne H. Hundertmark, for appellant.

Elizabeth Carmichael, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BARRY, Senior Judge.

CRAIG, President Judge.

Charles Blobner appeals an order of the Court of Common Pleas of Venango County denying his motions for

arrest of judgment or for a new trial following a decision finding him guilty of violating section 2307(a) of the Game and Wildlife Code (Code), 34 Pa.C.S. § 2307(a), which relates to the unlawful taking or possession of game or wildlife. We affirm.

The issues in this case are: (1) whether there was sufficient evidence that Blobner violated section 2307(a); and (2) whether the prohibitions set out in section 2323(a)(1) of the Code, 34 Pa.C.S. § 2323(a)(1), relating to tagging and reporting big game kills, more appropriately apply to Blobner's actions than section 2307(a).

The trial court made findings of fact as follows. On December 11, 1989, two deputy game wardens approached Blobner's vehicle and saw two unmarked and untagged deer carcasses. Blobner and a companion in the vehicle, Billy Smalley, told the wardens that they had each killed a deer, but neglected to attach tags to the animals because one of the men could not find his hunting license to which the tag was attached. Both men were cited for violating sections 2307(a) and 2323(a)(1) of the Code.

Blobner and Smalley were found guilty on both charges at a hearing before a district justice and, on appeal, the trial court found Blobner and Smalley guilty of violating section 2307(a) of the Code, but acquitted them of violating section 2323(a)(1). Both men filed motions for arrest of judgment or for a new trial, which the trial court denied.

Blobner and Smalley appealed the trial court's decision to the Superior Court, which transferred the matter to this court. Smalley's appeal subsequently was withdrawn.

■ Our scope of review is limited to determining whether there has been an error of law or whether the findings of the trial court are unsupported by competent evidence. *DeMarteleire v. Commonwealth, Pennsylvania Game Commission*, 68 Pa.Commonwealth Ct. 613, 449 A.2d 882 (1982).

■ We must first determine whether the evidence supported the trial court's finding that Blobner violated section 2307(a) of the Code. Section 2307(a) provides that

> [i]t is unlawful for *any person* to aid, abet, attempt or conspire to hunt for or take or *possess*, use, *transport* or conceal any game or wildlife unlawfully taken or *not properly marked* or any part thereof, or to hunt for, trap, take, kill, transport, conceal, possess or use any game or wildlife contrary to the provisions of this title. (Emphasis added.)

Our conclusion is that the evidence supports the finding that Blobner *possessed and transported* wildlife which was not properly marked and was therefore guilty of violating section 2307(a) of the Code. Two deputy game wardens observed Blobner and Smalley arrive at Smalley's house in Blobner's vehicle and, upon inspection, found two dead and untagged deer in the vehicle.

■ However, Blobner alternatively contends that the evidence only supports a finding that he violated section 2323(a)(1), which provides that

> [e]ach *licensed person who kills any big game* shall, immediately after the killing and before removing the big game from the location of the killing, fully complete the proper game kill tag in compliance with the instructions printed on the tag and attach only the game kill tag to the big game. The attached game kill tag shall remain on the big game until such time as the big game is processed for consumption or prepared for mounting. (Emphasis added.)

Blobner's argument that he violated section 2323(a)(1) is not supported by the findings of the trial judge and the underlying evidence. Section 2323(a)(1) can only be violated by a "licensed person who kills (the) big game" while section 2307(a) can be violated by "any person." For example, in *Commonwealth v. Burkholder*, 388 Pa.Superior Ct. 252, 565 A.2d 472 (1989), *petition for allowance of appeal granted* 525 Pa. 576, 575 A.2d 108 (1990), and *vacated* 528

Pa. 119, 595 A.2d 59 (1991), a hunter's son was charged with violating section 2307(a) when he knowingly helped his father transport an untagged deer that his father had killed.

The trial judge stated in his opinion that Blobner and Smalley

claimed at the hearing that they had lawfully killed these deer in the midst of hunting season but had only neglected to have them tagged due to one of the defendants not being able to locate his hunting license. This, contends defendants, only constitutes a violation of 2307. If indeed defendants' only failure was to lawfully have these deer tagged prior to the removal from the site of the killing, then the defendants would only be guilty of the violation of 2323. Additional evidence presented at the hearing, however, undermined the defendants' version of the facts. Specifically, there was testimony from one of the game wardens that the allegedly lost hunting license was in fact located in the vehicle with the deer. This evidence, we believe, was sufficient to allow the inference that the taking of these deer was unlawful at its inception and, therefore, a violation of 2307.

■ Therefore, the trial judge did not believe that Blobner lawfully killed the deer and accordingly determined that Blobner could not have violated section 2323(a)(1). The fact finder determines the weight to be given to the evidence offered. *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975).

■ Blobner also argues that section 2307(a) is in conflict with section 2323(a)(1) because section 2307(a) provides that wildlife must be properly "marked" and section 2323(a)(1) requires that any person who kills big game shall attach a "tag" to the animal.

However, there is no inconsistency in the provisions. Section 2307(a) relates to the *unlawful* taking or possession of game or wildlife. Section 2323 deals with the failure to

tag and report big game after it has been *lawfully* killed.[1] In this case, the trial judge concluded that the evidence did not support a finding that Blobner lawfully killed the deer and, therefore, found him guilty of violating only section 2307(a). The record supports the court's conclusion and its order is affirmed.

## ORDER

Now, December 6, 1991, the Order of the Court of Common Pleas of Venango County, dated September 5, 1990, at SD No. 37–1990, is affirmed.

---

1. Section 2341 of the Code, 34 Pa.C.S. § 2341(b), which relates to the *lawful* hunting of small game, is less restrictive than the provisions dealing with big game and requires that small game be tagged only if it is being transported without the owner present.