**COMMONWEALTH of Pennsylvania**

v.

**Michael W. MESLER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1999.

Decided May 20, 1999.

---

James T. Rague, Wellsboro, for appellant.

Chad B. Foster, Assistant DA, Smethport, for appellee.

Before PELLEGRINI, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, J.

Michael W. Mesler appeals from the order of the Court of Common Pleas of McKean County (trial court) dismissing his statutory appeal, and entering the verdict of a district justice as the judgment of the court. The district justice had adjudged Mesler guilty of one count of Unlawful taking or possession of game or wildlife, in violation of section 2307 of the Game and Wildlife Code (Code)[1], and one count of Shooting on or across highways, in violation of section 2504 of the Code[2], and had imposed fines and costs totaling $ 740.00. We vacate and remand.

On June 4, 1997, two citations were filed which alleged that on December 11, 1995, Mesler had violated the provisions of sections 2307 and 2504 of the Code.[3] The citations alleged that on that date, Mesler unlawfully shot at a white-tailed deer while within 25 yards of the traveled portion of a

---

**1.** 34 Pa.C.S. § 2307. Section 2307 of the Code states, in pertinent part:

(a) **General rule.**-It is unlawful for any person to aid, abet, attempt or conspire to hunt for or take or possess, use, transport or conceal any game or wildlife unlawfully taken or not properly marked or any part thereof, or to hunt for, trap, take, kill, transport, conceal, possess or use any game or wildlife contrary to the provisions of this title.

\* \* \*

(d) **Penalties.**-A violation of this section relating to:

\* \* \*

(3) Deer is a summary offense of the second degree...

34 Pa.C.S. § 2307.

**2.** 34 Pa.C.S. § 2504. Section 2504 of the Code states:

(a) **General rule.**-It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel.

(b) **Penalty.**-A violation of this section is a summary offense of the fourth degree. 34 Pa.C.S. § 2504.

**3.** Although the citations were filed nearly 18 months after the alleged violations occurred, they were filed within the 2-year statute of limitations set forth in section 921 of the Code, 34 Pa.C.S. § 921.

public roadway after alighting from a vehicle, and that he unlawfully shot at, killed, possessed and transported the deer.

On June 24, 1997, a district justice adjudged Mesler guilty of the offenses, and imposed fines and costs totaling $ 740.00. On July 9, 1997, Mesler filed a notice of appeal from the summary convictions in the trial court. On September 10, 1997, the appeal was scheduled to be heard by the court on October 2, 1997. On September 23, 1997, the District Attorney of McKean County filed a criminal information charging Mesler with violating sections 2307 and 2504 of the Code. On October 1, 1997, the trial court granted Mesler's request for a continuance of his statutory appeal then scheduled for October 2 $^{nd}$. On October 17, 1997, the appeal was rescheduled to be heard by the court on January 30, 1998.

On January 30, 1998, counsel for Mesler was present in the courtroom when the case was called. However, Mesler was not present at the time. Because Mesler was not present, the trial court dismissed his statutory appeal pursuant to Rule 1117(c) of the Pennsylvania Rules of Criminal Procedure.[4] As a result, the trial court issued the following order:

ORDER

AND NOW, this 30th day of January, 1998, the appeal is dismissed and the verdict of the District Justice is entered as the judgment of the Court.

BY THE COURT:

/s/ J. Cleland

JOHN M. CLELAND, P.J.

Mesler then filed the instant appeal from the trial court's order.[5]

In this appeal, Mesler claims: (1) the trial court erred in dismissing his statutory appeal because, although he was not present at the time the case was called, his attorney was present in the courtroom and prepared to proceed; and (2) the provisions of Pa.R.Crim.P. 1117 permitting dismissal where a defendant fails to appear violate due process and equal protection as the rule permits a corporation to be represented by counsel at the hearing.

■ We initially note that our scope of review is limited to determining whether there has been an error of law or whether the findings of the trial court are unsupported by competent evidence. *Blobner v. Commonwealth of Pennsylvania,* 144 Pa. Cmwlth. 100, 600 A.2d 708 (1991).

■ Mesler first claims that the trial court erred in dismissing his statutory appeal because, although he was not present in the courtroom at the time his case was called, his attorney was present and prepared to proceed. We agree.

The transcript of the proceedings before the trial court reads, in pertinent part, as follows:

THE COURT:

I am going to call the list this morning and see who all is here. Those who are

---

4. Rule 1117(c) provides that "[i]n a summary case appealed for a trial *de novo,* if the defendant fails to appear as required by Rule 86, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 1117(c). In turn, Rule 86(A) of the Pennsylvania Rules of Criminal Procedure provides, in pertinent part, that "[w]hen an appeal is authorized by law in a summary proceeding ... an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial *de novo* ... " Pa.R.Crim.P. 86(A).

5. The certified record in this case indicates that although the trial court issued its order disposing of Mesler's appeal on January 30, 1998, it was not filed with the Prothonotary and Clerk of the Criminal Court until March 3, 1998. As a result, Mesler did not file a notice of appeal of the court's order until March 18, 1998. The certified record also indicates that Mesler appealed the trial court's order to the Pennsylvania Superior Court. However, by order dated May 21, 1998, the Superior Court transferred the appeal to this court.

not here, their appeal will be dismissed or appeal sustained depending on who it is, whether it is the Commonwealth or the defendant. Commonwealth versus Gordon Tyler. Is the Commonwealth prepared to proceed.

DISTRICT ATTORNEY:

Yes, your Honor.

THE COURT:

Mr. Tyler present? Gordon Tyler? (No response). We will enter the following order:

NOW, this 30th day of January, 1998, the defendant having failed to appear the Appeal is dismissed and the judgment of the District Magistrate is entered as the verdict of the Court.

Commonwealth v. Wesley Laird. That is continued because of illness; defendant's illness, time charged to the defendant.

Commonwealth versus Shaun Bottomley.

COUNSEL:

Present, your Honor.

DISTRICT ATTORNEY:

Commonwealth is ready to go forward, your Honor.

THE COURT:

Commonwealth versus Michael Mesler.

DISTRICT ATTORNEY:

Commonwealth is prepared to proceed.

THE COURT:

Mr. Mesler, present? (No response.) Then that appeal is, appeal is dismissed and the verdict of the District Justice is entered as the judgment of the court...

\* \* \*

MR. RAGUE:

Mr. Mesler, he is on his way. I was just calling him when you called the list. I did expect him to be here.

THE COURT:

Sorry. It was set for nine o'clock. The appeal is dismissed.

MR. RAGUE:

Could it, at least ask that the Commonwealth put their case on as long as I'm here to represent him. He would have that right.

THE COURT:

He is not here to prosecute his appeal.

MR. RAGUE:

I think it is the Commonwealth's burden. It is a criminal case. It is his burden to put on the case. I'm here to represent him.

THE COURT:

Do you want to be heard on that, Mr. Foster.

DISTRICT ATTORNEY:

Yes, your Honor. The defendant had ample notice by court order to be present at 9 a.m. If he is not going to be here at the appointed time of the day I would ask that the Court sustain the District Justice.

THE COURT:

I'll give you five minutes to give me authority in support of your position.

I'll proceed here with the first case...

\* \* \*

(First case on the list, Commonwealth versus Bottomley proceeds to hearing.)

(Hearing is interrupted for the following exchange.)

THE COURT:

Excuse me, just a second. Mr. Rague, I think you want to check Rule 1117. I will reverse myself and dismiss the appeal on the basis of Rule 1117.

MR. RAGUE:

I want to preserve the issue on the record if I could.

THE COURT:

The appeal is dismissed. We'll enter judgment on the defendant and verdict

and penalty is imposed as was done by the District Justice.

(Previous hearing is continued.)

N.T.[6], pp. 2–5.

It is true that Pa.R.Crim.P. 1117(c) provides that a trial court may dismiss a statutory appeal and enter the judgment of the issuing authority as the judgment of the court where a defendant fails to appear for the hearing. However, the Explanatory Comment to the Rule states that "[p]aragraph (c) was added in 1994 to make it clear that the trial judge may dismiss a summary case appeal *when the judge determines that the defendant is absent without cause* from the trial *de novo.*" (emphasis added).

As the foregoing excerpt from the transcript demonstrates, the trial court failed to consider whether or not there was cause for Mesler's absence. If neither Mesler nor his attorney was present when the case was called, the court could conclude that Mesler did not intend to appear and prosecute his statutory appeal and it could be summarily dismissed. *See, e.g., Commonwealth v. Lowe,* 698 A.2d 607 (Pa.Super.), *petition for allowance of appeal denied,* 550 Pa. 690, 704 A.2d 1381 (1997) (Trial court properly dismissed defendant's statutory appeal and reinstated judgment of issuing authority pursuant to Pa. R.Crim.P. 1117(c) where the defendant failed to appear.) However, the fact that Mesler's counsel was present and prepared to proceed with the appeal is a clear indication that Mesler intended to fully prosecute the appeal. The failure of the trial court to make a determination of cause as required under Pa.R.Crim.P. 1117(c), especially when Mesler's counsel was present and prepared to proceed, constitutes demonstrable error in summarily dismissing Mesler's statutory appeal.

Moreover, the provisions of Pa. R.Crim.P. 1117(c) must be read in conjunction with Pa.R.Crim.P. 2 which states:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.

We do not believe that the trial court's invocation of Pa.R.Crim.P. 1117(c) under the facts of this case comports with the salutary goals of Pa.R.Crim.P. 2.

As the foregoing excerpt from the transcript indicates, there were at least four statutory appeals scheduled to be tried by the court at the same time. Mesler's was the last of those four cases called by the court. When Mesler's case was called, his counsel indicated to the court that he was expected to be present and that he was on his way. Rather than proceeding with a hearing on one of the other appeals, the trial court felt compelled to dismiss Mesler's appeal without considering the cause of his absence. In addition, the court interrupted the hearing on the other appeal to invoke the provisions of Pa.R.Crim.P. 1117(c) and again dismiss Mesler's appeal.

As was so aptly stated by former Justice Roberts of the Pennsylvania Supreme Court:

... [We] desire to express [our] strong disagreement with any rule of court which subordinates the quality of justice to the hazards of arbitrary insistence upon an "assembly-line" disposition of cases. Such inflexibility neither serves the interests of justice nor advances the proper objectives of effective court administration.

*Budget Laundry Company v. Munter,* 450 Pa. 13, 24, 298 A.2d 55, 59 (1972) (Concurring Opinion by Roberts, J.) Based on the foregoing, we must vacate the trial court's order dismissing Mesler's statutory appeal and remand this case for a trial *de novo. See, e.g., Department of Transportation v.*

---

**6.** "N.T." refers to the transcript of the proceedings before the trial court on January 30, 1998.

*Phelps*, 56 Pa.Cmwlth. 17, 423 A.2d 1133 (1981) (Case remanded for a trial *de novo* where the trial court abused its discretion by denying the Commonwealth's request for a 15-minute continuance to obtain a witness and sustaining the licensee's statutory appeal.)

Accordingly, the order of the trial court is vacated, and the case is remanded to the court for proceedings consistent with this opinion.[7]

### ORDER

AND NOW, this 20th day of May, 1999, the order of the Court of Common Pleas of McKean County, dated January 30, 1998 at No. 304 Criminal 1997, is vacated and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge PELLEGRINI concurs in the result only.

---

7. Based on our disposition of this issue, we will not address the other claims raised in this appeal.