J-S54017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARVIN COMOND | : | |
| | : | |
| Appellant | : | No. 442 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 19, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-SA-0000119-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED OCTOBER 24, 2019**

Marvin Comond appeals, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Berks County after his summary appeal was dismissed for failure to appear for his trial *de novo*.  Upon careful review, we affirm in part and vacate in part.

On September 27, 2017, Comond was issued citations under City of Reading ordinances for the summary offenses of failure to repair and maintain a sidewalk[1] and failure to maintain an exterior of a structure.[2]  On February 28, 2018, Comond was convicted of those offenses and ordered to pay the fines and costs of $535.50 and $135.50, respectively.  On March 22, 2018, Comond filed an appeal to the court of common pleas, which scheduled a trial

---

[1] LO § 302.3
[2] LO § 301.3.1

*de novo* for June 6, 2018. The trial was continued until August 1, 2018, at which time Comond failed to appear and his appeal was dismissed.

On August 2, 2018, the trial court issued an order vacating the dismissal of Comond's appeal, finding that Comond had not been properly served with notice of the hearing date. The court relisted the trial *de novo* for August 8, 2018. On that date, the court issued a further order continuing the matter until December 18, 2018. Subsequently, on October 15, 2018, the court rescheduled the hearing for December 14, 2018.

On December 10, 2018, Comond filed a "Motion to Dismiss the Charges of the Commonwealth & Motion for Continuance." In that motion, Comond claimed that the Commonwealth had withdrawn the citation for failure to maintain a sidewalk, and asserted that he had remedied the other violation. Comond also claimed that he was "an out[-]of[-]state student who is currently pursuing his legal education" and that his last final examination was scheduled for December 20, 2018. Motion for Continuance, 12/10/18, at ¶ 8. Alternatively, Comond requested that his hearing be rescheduled for January 9, 2019 "to allow [him] to return to Pennsylvania." ***Id.*** at ¶ 10. By order dated December 14, 2018, the court rescheduled Comond's trial *de novo* for February 19, 2019. In that order, the court noted that "[n]o motion for continuance will be considered *within three business days* of the scheduled hearing, except for an emergency occurring within that time." Order, 12/14/18 (emphasis added). On February 18, 2109, Comond faxed a letter to the court, stating that he would be unable to attend the following day's

hearing because he was in school out of state. Comond failed to appear on February 19, 2019, and the court dismissed his appeal and sentenced him, *in absentia*, to pay a fine of $500 per violation, plus costs and fees.

On March 6, 2019, Comond filed a "Motion to Vacate and Reconsider the February 19, 2019 Order That Dismissed Defendant [*sic*] Summary Appeal."[3] By order dated March 7, 2019, the trial court dismissed Comond's motion. Comond filed a timely notice of appeal on March 12, 2019, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Comond raises the following claims for our review:[4]

> 1. Did the trial court erred [*sic*] in dismissing [Comond's] appeal without determining whether [Comond] had good cause for his absence?
>
> 2. Did the trial court erred [*sic*] when it impose [*sic*] a sentence greater than the original sentence without conducting a trial *de novo*?
>
> 3. Did the trial court erred [*sic*] when it impose [*sic*] a sentence greater ($500.00) than the original sentence (from the MDJ $135.00) without any evidence submitted for the record?
>
> 4. Did the trial court erred [*sic*] in failing to have the code officer testify at that trial *de novo*?
>
> 5. Did the trial court erred [*sic*] in sentencing [Comond] to pay $500 for summary offense [failure to maintain a sidewalk] despite the charges being dismissed on August 1, 2018 by the Honorable Judge Fudeman?

---

[3] Pursuant to Pa.R.Crim.P. 720(D), a defendant is not entitled to file post-sentence motions following a determination of guilt after a trial *de novo*.

[4] We note that the Commonwealth did not file a brief in this matter.

6. Did the trial court erred [*sic*] in sentencing [Comond] to pay a combine [*sic*] $1,234.00 despite the work being complete?

7. Did the trial judge erred [*sic*] in neglecting to rule on [Comond's] various motions (motion to dismiss the Commonwealth [*sic*] final citation & motion for continuance) prior to dismissing the trial *de novo*?

8. Did the trial court erred [*sic*] in vacating the August 8, 2018 order which schedule [*sic*] a status conference for December 18, 2018 without any good cause?[5]

9. Did the trial court violation [Comond's] Federal and Pennsylvania Constitutional rights?

Brief of Appellant, at 6-7.

Although Comond raises a total of nine separate issues on appeal, his claims may be distilled to three: (1) whether the trial court erred in dismissing his appeal *de novo* for failure to appear; (2) whether the trial court improperly imposed a greater fine on the charge of failure to maintain an exterior than had been originally imposed; and (3) whether Comond was properly convicted of the charge of failure to maintain a sidewalk after the Commonwealth conceded on the record that Comond had completed the necessary repairs. We will address these claims in order.

Comond first claims that the trial court erred by dismissing his appeal without inquiring whether there was good cause for his absence from court on February 19, 2019. Comond claims that he did, in fact, have good cause for

---

[5] We decline to address this claim, as Comond himself informed the court that he would not be present in the Commonwealth of Pennsylvania until after December 20, 2018, and, therefore, cannot possibly have been prejudiced by the court's order rescheduling the December 18, 2018 hearing.

missing the hearing, in that he is a law student in Massachusetts and could not appear because he was attending class. Comond is entitled to no relief on this claim.

We begin by noting the following:

Our standard of review is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. **Commonwealth v. Askins**, 761 A.2d 601, 603 (Pa. Super. 2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. **Id.** "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Commonwealth v. Diamond**, 945 A.2d 252, 258 (Pa. Super. 2008) (citation omitted).

**Commonwealth v. Dixon**, 66 A.3d 794, 796 (Pa. Super. 2013).

Pennsylvania Rule of Criminal Procedure 462 governs trials *de novo* and provides, in relevant part, as follows:

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

. . .

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(A), (D). The comment to Rule 462 states that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal *when the judge determines that the defendant is absent without cause from*

*the trial de novo*." ***Id.*** at comment (emphasis added). Accordingly, before a summary appeal may be dismissed for failure to appear, a trial court is required to ascertain whether the defendant had adequate cause for his absence.

>   As this Court has previously discussed:

>   The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance. This is precisely the task that we face in the instant matter. To do so, we must consider [***Commonwealth v.*** ***Marizzaldi***, [814 A.2d 249 (Pa. Super. 2002)], in which this Court faced a very similar set of circumstances.

***Commonwealth v. Dixon***, 66 A.3d 794, 796–97 (Pa. Super. 2013).

In ***Marizzaldi***, the defendant failed to appear for his trial *de novo* on various traffic offenses. The court dismissed Marizzaldi's appeal without any inquiry into his reasons for failing to appear. On appeal to this Court, Marizzaldi attached to his brief an affidavit explaining the reasons for his absence from the trial *de novo*. We held as follows:

>   After careful review, and assuming *arguendo* that the facts set forth in [the appellant's] brief and affidavit are true and correct, we find the case at bar sufficiently similar to [***Commonwealth v. Mesler***, 732 A.2d 21 (Pa. Cmwlth. 1999)] to warrant relief. The

- 6 -

abbreviated transcript in the certified record does not contradict [the appellant's] assertions on appeal, and the brief opinion of the trial court makes no mention that a determination of the cause or duration of [the appellant's] absence was made. It is for these reasons that we are compelled to find that the record does not establish an effort on the part of the trial court to make any such inquiry, as was the precise situation in *Mesler*. This failure to do so is contrary to the clear intent of the Rules and requires a remand for a trial *de novo*. . . . [The appellant's] tardiness was not voluntary, and he should therefore be given an opportunity to present a defense.

*Id.* at 252–53 (footnotes omitted). Accordingly, *Marizzaldi* stands for the proposition that an appellant is entitled to a new trial *de novo* where: (1) the trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify his absence; and (2) the absentee defendant presents an affidavit on appeal that—assuming the assertions delineated in the affidavit are true—presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary. *See Dixon*, 66 A.3d at 797.

Here, the trial court made no inquiry on the record as to the reasons for Comond's absence from court. In its opinion, however, the court noted that the date Comond requested for his hearing, January 9, 2019, was not a day on which the court was to be hearing summary appeals and that the court's scheduling order for the February 19, 2019 hearing specifically stated that no continuances would be granted, except for emergencies, within three business days prior to the scheduled hearing date. The court further stated the following:

- 7 -

> [Comond] contends that this [c]ourt was "made aware" that he would not be able to attend the hearing. We assume that [Comond] is referring to the fax that is attached hereto as Exhibit "A." This [c]ourt is not in the business of practicing law by facsimile. This [c]ourt is also not in the practice of allowing litigants to dictate its schedule. Had a proper motion requesting a continuance been filed, it would have been considered. It was not in this case.

Trial Court Opinion, 5/3/19, at 4.

As required under **Marizzaldi**, Comond attached to his reproduced record an "affidavit"[6] in which he averred that he had previously informed the trial court that he would not be able to attend proceedings while in law school and had requested a January 9, 2019 hearing date. He further noted that he had contacted the court via letter on February 18, 2019, to inform the court that he would not be able to appear. Comond did not allege that he had not received proper notice of the hearing date.

After our review, we conclude that the trial court did not abuse its discretion in declining to grant Comond yet another continuance simply because he was an out-of-state student. At the listing held on August 8, 2018,

---

[6] Comond's filing is not, in fact, an "affidavit," as it was not sworn to before an officer authorized to administer oaths. **See** 1 Pa.C.S.A. § 1991 (defining "affidavit" as "[a] statement in writing of a fact or facts signed by the party making it, sworn to or affirmed before an officer authorized by the laws of this Commonwealth to take acknowledgments of deeds, or authorized to administer oaths, or before the particular officer or individual designated by law as the one before whom it is to or may be taken, and officially certified to in the case of an officer under his seal of office."). For this reason, alone, we may deny Comond relief, as he has failed to comply with the dictates of **Marizzaldi**.

the court suggested a new date of December 18, 2018, but accommodated Comond's schedule by agreeing to re-list his case in the new year. By order dated December 14, 2018—which Comond does not dispute he received—the court scheduled trial *de novo* for February 19, 2019, more than two months later. Nevertheless, Comond waited until the day before the scheduled trial *de novo* to contact the court to request a continuance—a continuance the court previously stated in writing that it would not grant except in the case of an emergency. Comond has presented no justification other than his ongoing status as a law student for his absence from his trial *de novo*. After prior attempts to accommodate Comond, and in light of the last-minute, untimely nature of Comond's continuance request, the court was under no obligation to continue to delay resolution of this matter indefinitely while Comond completed his course of study. Accordingly, Comond is not entitled to a new trial *de novo*. **See Commonwealth v. Akinsanmi**, 55 A.3d 539 (Pa. Super. 2012) (appellant not entitled to new trial *de novo* where absence due to scheduled and known commitment; appellant did not establish good cause, involuntary absence, or unforeseen circumstance).

Next, Comond asserts that the trial court erred in imposing a greater fine on the charge of failure to maintain an exterior than had been originally imposed by the magisterial district justice ("MDJ"). Specifically, the MDJ imposed a total sentence of $135.50 on that charge, representing a $100 fine, plus $35.50 in costs. After the dismissal of Comond's appeal *de novo*, the court sentenced him to pay a fine of $500, plus costs. While Comond cites

inapposite law regarding sentencing guidelines in support of this claim, we nonetheless concur that relief is warranted.

"Whenever a judge imposes a more severe sentence upon a defendant . . . the reasons for doing so must affirmatively appear." *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999) (citation omitted). Here, the record is devoid of any legal or factual support for the court's imposition of an enhanced penalty on the charge of failure to maintain an exterior following the dismissal of Comond's summary appeal. The trial court's opinion is of no assistance on this issue, as it failed to address this specific claim, despite Comond having raised it in his court-ordered Rule 1925(b) statement. *See* Rule 1925(b) Statement, 4/1/19, at ¶ 3 ("Did the trial court erred [*sic*] when it impose [*sic*] a sentence greater ($500.00) than the original sentence (from the MDJ $135.00) without any evidence submitted for the record?"). Because the enhanced fine for failure to maintain an exterior is not supported in the record, *Serrano*, *supra*, we are constrained to vacate that portion of Comond's sentence and direct the trial court to re-impose sentence in the amount originally entered by the MDJ.

Finally, Comond asserts that he was improperly convicted of the charge of failure to maintain a sidewalk, as the Commonwealth conceded on the record that he had completed the necessary repairs.[7]  In support of this claim,

_____

[7] Comond also asserts that the Commonwealth actually withdrew the citation regarding failure to maintain a sidewalk.  Comond includes in his reproduced

Comond cites the following statement made by Frederick Lachat, Esquire, counsel for the City of Reading, at the August 8, 2018 hearing:

> MR. LACHAT: Your Honor, I am here on Number 17. And the Defendant is here but we are continuing both citations *although we do intend to withdraw the one because he has fixed his sidewalk*. The windows we are working with him on.

N.T. Hearing, 8/8/18/ at 2 (emphasis added).

> It is well-established that a party is bound by an admission of fact.
>
> For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission.

_____

record, and also as an exhibit to various filings in the trial court, a copy of an order dated August 1, 2018, purporting to dismiss the violation for failure to maintain a sidewalk. However, that order does not contain an original signature by the trial court; rather, the court's name is typed over the signature line. Moreover, the trial court docket does not reflect the entry of such an order, and it is not contained in the record certified to this Court, save as an exhibit attached to filings by Comond. Rather, the record contains two orders, both entered on August 1, 2018, and signed by the trial court, dismissing Comond's appeal and ordering him to pay the balance due in full. Those orders were subsequently vacated by order dated August 2, 2018, the court having found that Comond had not been properly served with notice of the summary appeal date. Because the order Comond relies upon does not appear ever to have been filed of record, we decline to consider it. **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) (observing that "[t]his Court does not rely on items *dehors* the record[.]"). Moreover, given the serious question as to the authenticity of the order Comond has proffered to both this Court and the trial court, the trial court may wish to inquire of Comond as to the manner in which he obtained the order.

- 11 -

***Century Sur. Co. v. Essington Auto Ctr., LLC***, 140 A.3d 46, 52 (Pa. Super. 2016) (citation omitted).

Here, counsel for the Commonwealth made an unequivocal admission, on the record in open court, that Comond had "fixed his sidewalk" and that the Commonwealth, therefore, intended to withdraw the citation as to that charge. This admission is binding on the Commonwealth and, therefore, its continued pursuit of the claim of failure to maintain a sidewalk against Comond was improper. Accordingly, we vacate Comond's conviction and judgment of sentence for failure to maintain a sidewalk.

Conviction for failure to maintain an exterior affirmed; conviction for failure to maintain a sidewalk vacated; judgments of sentence on both convictions vacated; case remanded for proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2019