COMMONWEALTH of Pennsylvania, (Borough Of Lincoln, By Donald M. Glenn, P.E. Building Inspector), Appellant

v.

Lawrence T. HALL and Donna J. Hall.

Commonwealth Court of Pennsylvania.

Argued March 10, 1997.

Decided April 2, 1997.

Falco A. Muscante, Pittsburgh, for appellant.

Martin F.P. Vinci, III, McKees Rocks, for appellees.

Before SMITH and PELLEGRINI, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Borough of Lincoln (Borough) appeals from the May 16, 1996 order of the Court of Common Pleas of Allegheny County (trial court) which found Lawrence T. and Donna J. Hall (the Halls) not guilty of the summary offense of failing to obtain a street opening permit pursuant to Borough Ordinance 75–5.

Due to property damage caused by a washout of their driveway, the Halls instituted an action for property damage against the Borough.[1] In its counterclaim to that action, the Borough claimed that the Halls were in violation of Borough Ordinance 75–5, which provides that prior to constructing a driveway leading onto any public street, a homeowner in the Borough must obtain a permit and construct a drainage area as per the specifi-

cations of the Borough engineers. The Halls' driveway was connected onto the street, and has been in continuous use since the 1950's, despite the fact that a permit had never been obtained. As a result of their failure to obtain a permit, the Borough claimed $683,000 in fines against the Halls.

The Borough issued citations against the Halls and a District Justice found them guilty of violating the ordinance on a single specific day and imposed a fine of $50. The Halls appealed to the trial court, and a *de novo*, non-jury criminal trial was held before Judge Robert A. Doyle. Judge Doyle heard the testimony from the witnesses presented by both the Borough and the Halls. At the conclusion of the hearing, Judge Doyle directed that both parties submit post-hearing briefs on their respective positions. Subsequent to the conclusion of the trial, but before a decision had been rendered, Judge Doyle became ill and a substitute judge, Judge Robert E. Dauer, was appointed.

■ Although the Halls gave their approval for the substitution of a judge, the Borough specifically objected and requested a rehearing. No rehearing was granted, and the Borough was not notified that Judge Dauer had been substituted until it received his order finding the Halls not guilty of violating the ordinance. This appeal by the Borough followed.[2]

Before us, the Borough contends that the substitution of a judge in a non-jury criminal trial, after the presentation of all the evidence, but prior to the entry of a verdict, constitutes reversible error, so that any verdict rendered is a nullity. The Halls, however, contend that once a verdict has been rendered, jeopardy attaches, and even if the substitution was erroneous, double jeopardy implications prevent them from being retried.

■ The act of trying a defendant twice for the same criminal charge, what is com-

---

1. The washout of the Halls' driveway allegedly resulted in both property damages, as well as subsequent personal injury to Donna Hall, sustained when she drove into the driveway, but, due to the washout, could not stop and was sent over the hill.

2. Our scope of review of the trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings. *Blobner v. Commonwealth*, 144 Pa.Cmwlth. 100, 600 A.2d 708 (1991).

monly referred to as "double jeopardy", is clearly prohibited by both the Pennsylvania Constitution (Article I, Section 10), as well as the Fifth Amendment of the United States Constitution. Municipal ordinances, which are summary offenses and governed by the Pennsylvania Rules of Criminal Procedure,[3] and defendants are afforded the same protections as defendants in criminal proceedings. *Commonwealth v. Harchelroad,* 154 Pa. Cmwlth. 259, 623 A.2d 878, 879 n. 1, *petition for allowance of appeal denied,* 535 Pa. 649, 633 A.2d 153 (1993). Moreover, where the trial court finds a defendant "not guilty" on a *de novo* appeal from a summary conviction, we have held that a subsequent appeal by the Commonwealth is precluded by the principle of double jeopardy. *Commonwealth v. Harchelroad, supra,* 623 A.2d at 880, n. 3 (citing *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981)).

In *Commonwealth v. Walczak,* 440 Pa. Superior Ct. 339, 655 A.2d 592 (1995), the Superior Court addressed a claim that double jeopardy did not attach because the verdict was a nullity. In that case, a defendant who had been adjudicated not guilty of two summary traffic offenses by a District Justice was forced to be retried for the same offenses based on the trial court's determination that the proceeding before the District Justice was a nullity, since the Commonwealth's witness had failed to appear. The defendant appealed, alleging that since he had been adjudicated not guilty, a second trial would subject him to double jeopardy. In *Walczak,* the Superior Court held that double jeopardy attaches when the jury begins to hear evidence, and went on to engage in a detailed discussion of double jeopardy, as follows:

"It has long been well-settled that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prevents the prosecution from appeal-

ing a verdict of acquittal." *Commonwealth v. Maurizio,* 496 Pa. 584, 586, 437 A.2d 1195, 1195–96 (1981). "'The [prosecution] may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution may be by indictment or by summary proceeding.'" *Borough of West Chester v. Lal,* 493 Pa. 387, 392, 426 A.2d 603, 605 (1981) (quoting *Commonwealth v. Ray,* 448 Pa. 307, 311, 292 A.2d 410, 413 (1972)). "'[T]he fact finder in a criminal case has been traditionally permitted to enter an unassailable but unreasonable verdict of "not guilty".'" *Commonwealth v. Tillman,* 501 Pa. 395, 397, 461 A.2d 795, 796 (1983) (quoting *Jackson v. Virginia,* 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560, 572 n. 10 (1979)). "This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an "egregiously erroneous foundation." *Borough of West Chester v. Lal,* supra, 493 Pa. at 392, 426 A.2d at 605 (quoting *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43, 54 (1978)). See also *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Commonwealth v. Tillman,* supra. As such, "[a] fact-finder's verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review." *Commonwealth, Department of Transportation v. Springbrook Transport, Inc.,* 390 Pa.Super. Ct. 308, 311, 568 A.2d 667, 669 (1990). (citations omitted).

Assuming, as the Borough contends, that the substitution of Judge Dauer was an improper substitution, even when an acquittal is based on an erroneous foundation, once such verdict is rendered, double jeopardy has

---

3. Rule No. 1 of the Pennsylvania Rules of Criminal Procedure states that "[t]hese rules shall govern criminal proceedings in all courts including courts not of record ...". And, Pa.R.Crim.P. No. 3(h) defines "Criminal Proceedings" to include "all actions for the enforcement of the

Penal Laws" and, in section (n) of that Rule, defines "Penal Laws" to include "all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprison-

attached and the Halls cannot be retried on the same charge.[4]

Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 2nd day of April, 1997, the May 15, 1996 decision and order of the Court of Common Pleas of Allegheny County is affirmed.

ment upon conviction or upon failure to pay a fine or penalty."

4. As in *Walczak,* the Borough contends that double jeopardy could not have attached in the instant case because the proceedings, after Judge Dauer was substituted, became a nullity. In support of this contention, the Borough relies on *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975), *petition for writ of certiorari denied,* 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265 (1975), where the Court held that the illness of the judge which prevented the continuation of the trial for a period of several weeks constituted "manifest necessity" for the declaration of a mistrial. The Court went on to hold that "a defendant may be retried after an earlier proceeding has terminated in a mistrial if there was 'manifest necessity' for the mistrial."

While we do not dispute that a defendant may be retried after a mistrial has been declared, because no mistrial has been declared in the instant matter, but rather, the case resulted in a not guilty verdict, *Robson* provides no support for the Borough's contention that the underlying proceeding was a nullity or that the Halls are subject to being retried.