## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | |
| City of Reading, Pennsylvania | : | |
| Property Maintenance/Building Codes | : | |
| | : | |
| v. | : | |
| | : | No. 1865 C.D. 2017 |
| Raymond G. Gehring, | : | Nos. 1933, 1934, 1935, 1936 C.D. 2017 |
| Appellant | : | Submitted: August 3, 2018 |


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: October 26, 2018


Raymond G. Gehring (Gehring) appeals, pro se, from the Berks County Common Pleas Court's (trial court) November 15, 2017 orders finding Gehring guilty of five summary offenses for violating the Property Maintenance Code of City of Reading (Reading), Pennsylvania (Code). Essentially, Gehring presents two issues for this Court's review: (1) whether Reading proved that Gehring received notice of the violations before he received the citations therefor; and, (2) whether Gehring was given a fair and impartial hearing.[1] After review, we vacate and remand.

Gehring owns property located at 1043 Cotton Street in Reading, Pennsylvania (Property). On February 11, 2017, Reading Code Enforcement Officer Bruce McAfee (McAfee) visited the Property and observed a violation of Section

---

[1] Gehring presented six issues for this Court's review, all of which either restate the above issues or are subsumed in the above-stated issues. *See* Gehring Br. at 4. Reading contends that two of the six questions Gehring presented, *i.e.*, relating to "substantial question" and "cover-up", are waived for various reasons. Reading Br. at 13 n.3. As this Court does not decide either of those issues, we need not address waiver.

301.3.1 of the Code (related to exterior conditions), and a violation of Section 304.13.1 of the Code (related to windows). McAfee issued citations for the violations at that time. On April 13, 2017, McAfee again visited the Property and observed continuing violations of Sections 301.3.1 and 304.13.1 of the Code, and a violation of Section 304.2 of the Code (related to protective treatment of exterior surfaces). McAfee issued citations for the violations at that time. Gehring appealed from the citations to the trial court. On November 15, 2017, the trial court held a *de novo* hearing and, at the conclusion thereof, found Gehring guilty of all five violations. Gehring appealed to this Court.[2]

Initially, Section 106.1 of the Code provides: "It shall be unlawful for a person, firm or corporation to be in conflict with or in violation of any of the provisions of this [C]ode." Reading Code §106.1. Section 106.2 of the Code requires: "The [C]ode official **shall serve a notice of violation** or order in accordance with Section 107 [of the Code]." Reading Code § 106.2 (emphasis added). Section 107.1 of the Code prescribes:

> Whenever the [C]ode official determines that there has been a violation of this [C]ode or has grounds to believe that a violation has occurred, **notice shall be given in the manner prescribed in Sections 107.2 and 107.3 [of the Code]** to the person responsible for the violation as specified in this [C]ode.

Reading Code § 107.1 (emphasis added).[3] Section 107.2 of the Code mandates:

> **Such notice** prescribed in Section 107.1 [of the Code] **shall be in accordance with *all* of the following**:
>
> 1. Be in writing.

---

[2] This Court's standard of review "of a trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings." *Commonwealth v. Hall*, 692 A.2d 283, 284 n.2 (Pa. Cmwlth. 1997).

[3] Section 107.1 of the Code contains exceptions which are not relevant to the instant matter.

2. Include a description of the real estate sufficient for identification.

3. Include a statement of the violation or violations and why the notice is being issued.

4. **Include a correction order allowing a reasonable time to make the repairs and improvements** required to bring the dwelling unit or structure into compliance with the provisions of this [C]ode.

5. Inform the property owner of the right to appeal as per Section 111.1 [of the Code].

6. Include a statement of the right to file a lien in accordance with Section 106.3 [of the Code].

Reading Code § 107.2 (italic and bold emphasis added). Finally, Section 107.3 of the Code directs:

Such **notice shall be** deemed to be **properly served** if a copy thereof is:

1. Delivered personally;

2. Sent by certified/first-class mail or email addressed to the last known address; or

3. If the notice is returned showing that the letter was not delivered, a copy thereof shall be posted in a conspicuous place in or about the structure affected by such notice.

4. Service upon any executive officer of a corporation shall be a sufficient, but not the exclusive method of service upon the corporation. Service upon any partner of a partnership shall be a sufficient but not the exclusive method of service upon the partnership.

Reading Code § 107.3 (emphasis added).

Gehring argues that Reading never provided notice of the violations before issuing the citations to him. Representing himself at the hearing, Gehring attempted to cross-examine McAfee concerning notice.

3

Q [Gehring] . . . . [] McAfee, you stated that you issued a citation back in 2015, or maybe several.

A [McAfee] I did not say that I issued a citation. I said you were given notice that it started back in 2015.

Q Notice. Okay. Please forgive me on that. Were you the one actually doing the notice?

A In 2015, no. It's a system.

Q Okay. Who did - - -

THE COURT: We're not here on what happened in 2015. We're here on what happened in 2017.

[] GEHRING: Your Honor - - -

THE COURT: He doesn't have to testify to anything that happened in 2015 because that's not -- the citations weren't issued then. We're talking about the citations that were entered in 2017. I don't care if you were given a warning or not.

[] GEHRING: He states that there was a notice given in 2015 - - -

THE COURT: And I don't care whether it was or not. It has nothing to do with today.

[] GEHRING: I think it does, Your Honor, if notice was never received, is what I'm trying to get at.

THE COURT: It doesn't matter. You're still in violation. The [Code] is pretty clear, and nowhere in here does it say you have to be given a notice first before you're cited.

[] GEHRING: It says on the citations, Your Honor, that there was notice given back in 2015.

THE COURT: I don't care whether the notice was given or not. He didn't give the notice. He said that. He said it was generated through the system, so - - -

BY [] GEHRING:

Q Who does these notices?

4

THE COURT: The system. It generates it, and it's mailed out. So maybe you don't pick up the mail at that location. I don't know. But let's talk about the violations.

[] GEHRING: Well, Your Honor - - -

THE COURT: Don't argue with me. I'm telling you, let's talk about the violations, so move onto the violations.

[] GEHRING: I never received those notices, Your Honor, but - - -

THE COURT: And you can testify - - -

[] GEHRING: Okay.

THE COURT: - - - when it's your turn.

[] GEHRING: Okay.

THE COURT: Right now ask him questions. He's already said he didn't do the notices personally, they were generated through the system.

[] GEHRING: Okay.

THE COURT: So that's where we are with the notices.

[] GEHRING: All right.

Notes of Testimony November 15, 2017 (N.T.) at 13-15.

However, in its opinion, the trial court acknowledged that it was incorrect with respect to notice:[4]

Upon further review, however, that statement about the [Code] is not entirely correct. The Code does at base provide that a state of being in violation is by itself illegal: 'It shall be unlawful for a person, firm or corporation to be in conflict with or in violation of any of the provisions of this [C]ode.' [Reading Code] § 106.1. But the Code also clearly contemplates the issuance of notices of violation. *See id.* at § 106.2 (The [C]ode official shall serve a notice of violation or order in accordance with Section 107 [of the

---

[4] Although Judge Jill Gehman Koestel presided over the hearing, Judge Madelyn S. Fudeman authored the opinion.

5

Code].): *id.* at § 107.1 ('Whenever the [C]ode official determines that there has been a violation of this [C]ode or has grounds to believe that a violation has occurred, notice shall be given in the manner prescribed in Sections 107.2 and 107.3 [of the Code] to the person responsible for the violation as specified in this [C]ode.'); *id.* at § 107.2 (providing that the notice must '[i]nclude correction order allowing a reasonable time to make the repairs and improvements required to bring the dwelling unit or structure into compliance'). And of most direct relevance here is the section titled 'Prosecution of violation[ ]' which provides that '[a]ny person failing to comply with a notice of violation or order served in accordance with Section 107 [of the Code] shall be deemed guilty of a summary offense and the violation shall be deemed a strict liability offense.' *Id.* at § 106.3. So the summary offenses with which [Gehring] was charged are specifically defined as receiving notices of violation and then not correcting the defects as instructed therein.

Trial Court Op. at 4-5.[5] Notwithstanding, the trial court concluded:

Finding [Gehring] guilty without more conclusive evidence that the notices were indeed mailed is tantamount to harmless error for at least two reasons. First, **truly concrete, direct evidence the notices were mailed would be difficult or perhaps impossible to adduce**. The notices are apparently governed by a system with some level of automation ('Were you the one actually doing the notices? A: In 2015, no. It's a system.' ([N.T. at 14])), and even though a specific person is involved in the mailing ('Does the system show who actually mailed the notice? A: It should be in there. Yes.' ([N.T. at 16])), it is unlikely the person who did the mailing would have a specific recollection of sending out the notices at issue in this case.

Second, **testimony established that [Gehring] did actually know that he was in violation** for a long period of time during which he failed to remedy the condition of the [P]roperty. [Gehring] himself testified about the windows being broken by gun battles in 2015 and also stated that he spoke to someone with [Reading] named Dana Damato 'in January of 2017, prior to all these citations' ([N.T. at 32]).

---

[5] There were five identical trial court opinions filed in this matter, one for each summary offense.

> And in light of [] McAfee's testimony about viewing the [P]roperty not only on the dates of violation but again the day before the summary appeal hearing. [Gehring] agreed there was 'no dispute' that the [P]roperty was in violation on the violation dates and still as of the summary appeal hearing ([N.T. at 34]). So whether or not there is absolute evidence that the specific notices were mailed, there is evidence that [Gehring] knew about the conditions in violation for an extremely long period without correcting the violations.

Trial Court Op. at 5-6 (emphasis added). This Court cannot agree that finding Gehring guilty without evidence that he received notice in accordance with the Code's mandates and had an opportunity to bring the Property into compliance as the Code directs is harmless error.

As explained in *Commonwealth v. ATL Associates* (Pa. Cmwlth. No. 1374 C.D. 2015, filed August 19, 2016):[6]

> When a borough chooses to regulate by ordinance, it must comply with its provisions. *See generally Philipsburg v. Way*, 12 Pa.D. 173, 174 (1903) . . . . Failure to do so deprives the borough of legal authority to exercise jurisdiction over the property or the property owner. *Id.*[; s]ee also Moon [Twp.] v. Cammel*, 687 A.2d 1181, 1186 (Pa. Cmwlth. 1997) (noting that district justice properly dismissed enforcement citations because property owner was not given opportunity to comply with ordinance before being cited); [Twp.] of Maidencreek v. Stutzman*, 642 A.2d 600, 602 (Pa. Cmwlth. 1994) (holding that failure of township to satisfy notice requirements of the Municipalities Planning Code[, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202,] rendered the trial court's preliminary injunction a nullity).

*ATL Assocs.*, slip op. at 8 (footnote omitted). Here, Section 107.1 of the Code requires that "notice shall be given in the manner prescribed in Sections 107.2 and

---

[6] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), this unreported opinion is not binding precedent but is cited only for its persuasive value, as the same rationale clearly applies herein.

7

107.3 [of the Code.]" Reading Code § 107.1. The fact that "truly concrete, direct evidence the notices were mailed would be difficult or perhaps impossible to adduce[,]" or that "testimony established that [Gehring] did actually know that he was in violation[,]" does not relieve Reading from complying with the Code's notice requirements. Trial Court Op. at 5-6. Accordingly, because the trial court precluded questioning on the notice issue, and the record is void of any evidence demonstrating notice was furnished as the Code prescribed, this Court is constrained to remand the matter to the trial court for the limited purpose of determining whether Reading satisfied the notice requirements mandated in Sections 107.2 and 107.3 of the Code before the subject citations were issued.[7]

In its brief, Reading requests this Court to remand the matter to the trial court to assess attorney's fees against Gehring, pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 2744, for filing a frivolous appeal. *See* Reading Br. at 19-23. Rule 2744 provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

---

[7] Because the Court is remanding the case for a hearing on the notice issue, it need not address Gehring's second issue, as it was based on Gehring's preclusion from cross-examining McAfee regarding notice.

Pa.R.A.P. 2744. Given this Court's disposition of the above issue, this Court disagrees with Reading that Gehring's appeal is frivolous. Moreover, given the trial court's alternative request for a remand on the notice issue, Reading's contention that Gehring's appeal is frivolous is meritless. *See* Trial Court Op. at 1, 6. Accordingly, this request is denied.

For all of the above reasons, the trial court's order is vacated and the matter is remanded to the trial court for a hearing on the notice issue.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
City of Reading, Pennsylvania    :
Property Maintenance/Building Codes  :
    :
         v.         :
    :  No. 1865 C.D. 2017
Raymond G. Gehring,    :  Nos. 1933, 1934, 1935, 1936 C.D. 2017
         Appellant    :

## O R D E R

AND NOW, this 26th day of October, 2018, the Berks County Common Pleas Court's November 15, 2017 orders are vacated, and the matter is remanded to the trial court for a hearing consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge