# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
        v.        :    Nos. 289 & 290 C.D. 2020
    :    Submitted:  August 28, 2020
Gerald Edwards,            :
             Appellant    :


**BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]**
**HONORABLE ANNE E. COVEY, Judge**
**HONORABLE J. ANDREW CROMPTON, Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED:  March 24, 2021**


In these consolidated matters, Appellant Gerald Edwards (Edwards) appeals, *pro se*, from orders of the Court of Common Pleas of Bucks County (trial court), which imposed fines and costs upon him after the trial court found him guilty of various summary violations of the Middletown Township Code of Ordinances. We affirm.

Edwards owns property located in Middletown Township, Bucks County (Property).  In August 2018, Code Enforcement Officer Sandra Morgan (Enforcement Officer) issued a notice of violation to Edwards regarding five violations of provisions of the Middletown Township International Property

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

Maintenance Code and nuisance ordinance,[2] and one violation of the Middletown Township Zoning Ordinance.[3] The property maintenance and nuisance violations concerned the presence of junk, trash, debris, old wood, an unpleasant compost pile, inoperable vehicles, weeds, and overgrowth on the Property. The zoning ordinance violation concerned the presence of chickens on the Property. The notice of violation informed Edwards that he had thirty days to remedy the violations, that he could appeal the notice within thirty days, and that a reinspection of the Property would occur the following month.

Thereafter, upon reinspection of the Property, the Enforcement Officer issued six citations to Edwards based on the aforementioned violations. On May 1, 2019, a Magisterial District Judge (MDJ) found Edwards guilty as to all six citations. Edwards filed a summary appeal of his convictions to the trial court, and the matter was docketed at CP-09-SA-0000318-2019. In the meantime, on April 11, 2019, the Enforcement Officer issued a seventh citation to Edwards based on his installation

---

[2] At the time, Middletown Township had adopted the 2003 edition of the International Property Maintenance Code. *See* Exhibit C-5, Notice of Violation; *see also* Section 1704-A(a) of The Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, *as amended*, added by the Act of November 24, 2015, P.L. 427, 53 P.S. § 66704-A(a) (providing that "the township supervisors may enact a property maintenance ordinance, and they may incorporate a standard or nationally recognized property maintenance code, or a variation or change or part of the code, published and printed in book form, without incorporating the text of the code in the ordinance, or the supervisors may enact a standard or nationally recognized property maintenance code or a change or variation or part, as the ordinance"). Additionally, Section 1529 of the Township Code, added by the Act of November 9, 1995, P.L. 350, 53 P.S. § 66529, provides for the prohibition of nuisances by ordinance, and Section 1601(c.1) of the Township Code, 53 P.S. § 66601(c.1), provides for enforcement of ordinance provisions enacted pursuant to the Township Code.

[3] The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202, authorizes local municipalities to enact and enforce zoning regulations. *See* Section 601 of the MPC, 53 P.S. § 10601, and Section 617.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2.

of a fence around the Property without applying for required permits in violation of the Middletown Township Zoning Ordinance.[4]  On May 29, 2019, the MDJ found Edwards guilty as to that citation.  Edwards filed a summary appeal of his conviction to the trial court, and the matter was docketed at CP-09-SA-0000401-2019.

The trial court held a hearing on both matters on August 9, 2019.  Following the hearing, the trial court found Edwards guilty of all offenses and ordered Edwards to pay fines and costs.  This consolidated appeal followed.[5]

On August 23, 2019, at each trial court docket number, the trial court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Edwards to file a Statement of Errors Complained of on Appeal within twenty-one days of the trial court's order.  Appellant filed a belated statement at each docket number on September 17, 2019.  Edwards raised the same issue in both Rule 1925(b) statements, specifically alleging that the "court had no subject matter jurisdiction." (Original Records, Pa. R.A.P. 1925(b) statements, filed 9/17/2019.)

In both of its opinions issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court concluded that Edwards' challenge relating to subject matter jurisdiction was without merit.  In support of its conclusion, the trial court cited, *inter alia*, Section 932 of the Judicial Code, 42 Pa. C.S. § 932 (providing that, in general, "each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district"), and Pennsylvania Rule of Criminal Procedure 462(A) (providing that

---

[4] Edwards was also provided a notice of violation with respect to this citation on March 8, 2019.

[5] Edwards originally filed a notice of appeal at each trial court docket number and directed the appeals to the Superior Court.  The Superior Court transferred the appeals to this Court by orders filed on January 27, 2020.  This Court subsequently consolidated the matters by orders dated August 21, 2020.

"[w]hen a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury").[6] The trial court further observed that Edwards' belated Rule 1925(b) statement impeded its review. Thus, the trial court concluded that Edwards' appeal should be dismissed.

On appeal,[7] Edwards purports to raise several issues before this Court, including his challenge relating to subject matter jurisdiction.[8] Preliminarily, however, we note that Edwards failed to file his Rule 1925(b) statement in a timely manner and only raised the issue of subject matter jurisdiction therein. Further, with respect to the issue of subject matter jurisdiction, Edwards fails to present a developed argument in support of that issue. Indeed, the argument section of

---

[6] The trial court summarily concluded that the MDJ also had subject matter jurisdiction with respect to the ordinance violations.

[7] "This Court's review of a 'trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings.'" *Commonwealth v. Nicely*, 988 A.2d 799, 803 n.3 (Pa. Cmwlth. 2010) (quoting *Commonwealth v. Hall*, 692 A.2d 283, 284 n.2 (Pa. Cmwlth. 1997)).

[8] Edwards' brief fails to comply with the Pennsylvania Rules of Appellate Procedure in several respects. For instance, Pennsylvania Rule of Appellate Procedure 2116 provides that "[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail" and that, generally, "[e]ach question shall be followed by an answer stating simply whether the court . . . agreed, disagreed, did not answer, or did not address the question." Edwards' statement of the questions involved consists of one paragraph in which he sets forth multiple issues interspersed with suggested answers, argumentative statements, and citations to documents he attached to his brief, including portions of the transcript from the trial court's August 9, 2019 hearing. Additionally, as discussed *infra*, Edwards also fails to include an argument section that complies with Pennsylvania Rule of Appellant Procedure 2119 (providing that argument section of a brief "shall be divided into as many parts as there are questions to be argued" and include "discussion and citation of authorities as are deemed pertinent").

4

Edwards' brief consists only of two sentences, without any citation to legal authority, in which he challenges the evidence supporting his convictions.

In view of the above, we note that a failure to file a timely Rule 1925(b) statement generally results in waiver of all issues on appeal. *See, e.g.*, *Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018) (observing that "this Court has repeatedly held that an appellant waives all issues for appeal where the Rule 1925(b) statement is not filed on time"). Similarly, "issues are considered waived when [they are] not included in a filed [Rule 1925(b)] statement." *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1287 (Pa. Cmwlth. 2006). It is also axiomatic that "[a]rguments not properly developed in a brief will be deemed waived by this Court." *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998). These principles notwithstanding, this Court has observed that "[t]he question of subject matter jurisdiction . . . can never be waived; it may be raised at any stage in the proceedings or *sua sponte* by the court." *Pa. Nat'l Guard v. Workmen's Comp. Appeal Bd.*, 437 A.2d 494, 496 (Pa. Cmwlth. 1981). Accordingly, we hold that Edwards has waived all issues aside from his jurisdictional challenge for his failure to comply with our rules of appellate procedure, and we proceed to address that remaining claim on the merits.

"Subject matter jurisdiction relates to the competency of a court to hear and determine controversies of the general nature of the matter involved." *Chiro-Med Rev. Co. v. Bureau of Workers' Comp.*, 908 A.2d 980, 983-84 (Pa. Cmwlth. 2006). As outlined by the Commonwealth in its brief to this Court, Section 1515(a)(7) of the Judicial Code, 42 Pa. C.S. § 1515(a)(7), provides that "magisterial district judges shall . . . have jurisdiction of . . . the following matters: . . . (7) Matters jurisdiction of which is vested in magisterial district judges by any statute." With respect to

Edwards' violation of Middletown Township's property maintenance and nuisance ordinance provisions, we observe that Section 1601(c.1) of the Township Code provides, in relevant part:

> (c.1) An ordinance enacted by the board of supervisors pursuant to this act shall prescribe the fines and penalties which may be imposed for its violation and shall, unless otherwise specified in another statute, designate the method of its enforcement in accordance with the following:
>
> > (1) Civil enforcement.--Except as provided in paragraph (2), when the penalty imposed for the violation of an ordinance enacted pursuant to the provisions of this act is not voluntarily paid to the township, the township shall initiate a civil enforcement proceeding before a district justice. The civil enforcement proceeding shall be initiated by complaint or by such other means as may be provided by the Pennsylvania Rules of Civil Procedure. . . .
> >
> > (2) Enforcement as summary offenses.--For an ordinance regulating building, housing, property maintenance, health, fire, public safety, parking, solicitation, curfew, water, air or noise pollution, the board of supervisors shall provide that its enforcement shall be by action brought before a district justice in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Criminal Procedure. . . .

Further, with respect to Edwards' violations of Middletown Township's zoning ordinance provisions, we observe that Section 617.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.1, provides that "[d]istrict justices shall have initial jurisdiction over proceedings brought under [S]ection 617.2" of the MPC, which sets forth the enforcement remedies for violations of a municipal zoning ordinance.

With respect to the trial court's subject matter jurisdiction, as noted, Section 932 of the Judicial Code provides that "each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district." Further, Pennsylvania Rule of Criminal Procedure 462(A) provides that "[w]hen a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury."

Based on the foregoing, we conclude that the MDJ and trial court had subject matter jurisdiction over the proceedings in these consolidated appeals. As Edwards has failed to provide any meaningful argument to the contrary, we affirm the orders of the trial court.

_____
P. KEVIN BROBSON, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania　　　：
　　　　　　　　　　　　　　　　　：
　　　　　　v.　　　　　　　　　　：　Nos. 289 & 290 C.D. 2020
　　　　　　　　　　　　　　　　　：
Gerald Edwards,　　　　　　　　　：
　　　　　　　　　　Appellant　　　：

# **O R D E R**

AND NOW, this 24th day of March, 2021, the orders of the Court of Common Pleas of Bucks County, dated August 9, 2019, at docket numbers CP-09-SA-0000318-2019 and CP-09-SA-0000401-2019 are hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge
