IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
          v.      :      No. 423 C.D. 2022
     :
Jeffrey Garry,      :      Submitted: May 26, 2023
             Appellant      :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: August 4, 2023

       Jeffrey Garry (Appellant), proceeding *pro se*, appeals from the April 5, 2022 order of the Court of Common Pleas of Allegheny County, Pennsylvania (trial court), which found him guilty of two summary violations of the International Property Maintenance Code, as adopted by and incorporated into the City of Pittsburgh's (City) Code of Ordinances (Code),[1] regarding the collapse of a retaining wall. Appellant here is challenging the trial court's findings of no due diligence, the ownership of the retaining wall, and the sufficiency of the evidence. Upon careful review, we affirm the trial court.

## I.      FACTS AND PROCEDURAL HISTORY

       On April 5, 2017, the Commonwealth[2] cited Appellant with three summary violations: (1) Section 302.7 of the 2003 edition of the International Property

---

[1] City of Pittsburgh, Pennsylvania, Code of Ordinances (2016).

[2] The City of Pittsburgh Department of Law prosecuted the violations on behalf of the Commonwealth. We nevertheless herein refer to the Commonwealth as the Appellee.

Maintenance Code (2003 IPMC)[3] (accessory structure deteriorating);[4] (2) Section 302.3 of the 2003 IPMC (fail to repair/replace sidewalk or driveway);[5] and (3) Section 620.06 of the Code (failure to remove graffiti, property owner/city).[6] (Original Record (O.R.) at 4.)[7]   The violations pertained to the collapse of a retaining wall that the Commonwealth claims is on Appellant's property and is Appellant's responsibility to maintain.  (Hearing Transcript, April 5, 2022 (H.T. 2022), at 3.)  Appellant was found guilty on all three summary citations on November 9, 2017, by a magisterial district judge.  (O.R. at 4.)  On December 6, 2017, Appellant appealed to the trial court.  (*Id.* at 5.)  A hearing before the trial court first was scheduled for March 6, 2018, which

---

[3] The City adopted the 2003 IPMC in Section 1004.01 of the Code.  *See* Code, § 1004.01 (2016), available at https://library.municode.com/pa/pittsburgh/codes/code_of_ordinances (last visited August 4, 2023).  The 2003 IPMC was in effect in the City when the violations occurred.  In 2020, the City adopted the 2015 edition of the IPMC.  *See* Code, § 1004.01 (2020).  Although at times the applicable provisions of the 2003 IPMC are referred to as sections of the Code, for the sake of clarity, we refer to them herein using citations to the 2003 IPMC.

[4] Section 302.7 of the 2003 IPMC provided that "[a]ll accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair."  (2003 IPMC § 302.7, available at https://codes.iccsafe.org/content/IPMC2003 (last visited August 4, 2023).)

[5] Section 302.3 of the 2003 IPMC provided that "[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions."  (*Id.* § 302.7, available at https://codes.iccsafe.org/content/IPMC2003 (last visited August 4, 2023)).

[6] Section 620.06(a) of the Code provides, in pertinent part, as follows:

> It is unlawful for any person who is the owner or who has primary responsibility for control of property or for repair or maintenance of property in the City to permit property that is defaced with graffiti to remain defaced for a period of ten (10) days after service by first class mail of notice of the defacement.

Code § 620.06(a) (2016), available at https://library.municode.com/pa/pittsburgh/codes/code_of_ordinances (last visited August 4, 2023).

[7] The Original Record from the trial court is not paginated.  The page numbers supplied herein correspond to the pagination of the Original Record document filed in this Court.

2

was then continued. A partial hearing was held on June 8, 2021, after which the proceedings were continued multiple times until April 5, 2022, when the hearing concluded. (*Id.* at 3.)

In the trial court, the Commonwealth was represented by Sarah Steers, Esquire (Counsel Steers), and Appellant proceeded *pro se*. (H.T. 2022 at 1.) One witness, Lonan Stettner (Stettner), an operations inspector for the City, was called by Counsel Steers and was the only witness to testify. *Id.* at 2-3. Stettner testified that he took two photographs of the collapsed wall and that Appellant owned the property on which it was located. *Id.* at 2-3. Stettner further noted that the photos "generally show the [wall's] disrepair" and that the structure was at risk of deterioration and collapse due to water erosion. *Id.* at 4. At the conclusion of Counsel Steers' examination and the admission of the photographs into evidence, Appellant then described his efforts and difficulties in fixing the collapsed wall, including one engineer's suggestion of using "heliocentric anchors," with which Stettner was not familiar. Appellant claimed that he could not find a contractor in the "Tri-State area" that could "implement this type of construction." *Id.* at 3, 5, 6-7. He also stated that he invested a total of $24,000.00 in fixing the wall, which included funds for attorneys' fees, $2,400.00 for surveyors, and $10,000.00 for an initial clean-up of the site. *Id.* at 5-6.

Midway through the hearing, Appellant challenged for the first time whether he was fully responsible for the collapsed wall based on his reading of a survey in his possession. He therefore requested that the Commonwealth prove ownership. *Id.* at 10-11. Appellant argued that the survey showed that the property line was "right in the middle of the wall." *Id.* at 15. When Appellant asked Stettner about ownership, Stettner answered that he "imagined" that the City could prove ownership, but he could not at that time offer any supporting evidence because he "[did not] have a survey with [him]." *Id.* at 10-11. Counsel Steers cited Pennsylvania case law and the Code as

3

determinative of who owns the wall, but did not introduce any further evidence except photographs of the property. *Id*. at 3, 12-13. Appellant justified his last minute challenge to ownership by stating that he had accepted the Commonwealth's assertions in "good faith." He did not, however, introduce into evidence the survey he referenced or any other documents tending to establish the wall's ownership. *Id.* at 14. The trial court did not find Appellant's claim credible and did not rule on any of Appellant's four requests for "summary dismissal." *Id.* at 11, 13, 14, 15-16.

At the conclusion of the hearing, the trial court entered a verdict finding Appellant guilty of violating Sections 302.7 and 302.3 of the 2003 IPMC and not guilty of violating Section 620.06(a) of the Code. *Id.* at 35. The trial court sentenced Appellant to a total fine of $800.00, plus costs. *Id.* Appellant filed a notice of appeal to this Court on April 28, 2022. *Id.* at 38.

## II.    DISCUSSION[8]

Appellant appears to raise three issues, all of which essentially challenge the trial court's findings regarding due diligence and ownership.[9]

### A.    DUE DILIGENCE

Appellant challenges the trial court's finding that he did not exercise due diligence. Appellant claims that he discussed the matter with several engineers and paid money to some of them. He also testified that he paid $10,000.00 to have part of

---

[8] This Court's standard of review "of a trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether [substantial] evidence supports the trial court's findings." *Commonwealth v. Hall*, 692 A.2d 283, 284 n.2 (Pa. Cmwlth. 1997).

[9] The Commonwealth failed to file a brief by the initial filing deadline of December 21, 2022. By order exited January 11, 2023, we directed the Commonwealth to file its brief within 14 days, or by January 25, 2023, or be precluded from filing a brief and participating in oral argument, if scheduled. The Commonwealth did not comply, and we accordingly precluded it from filing a brief by order exited February 17, 2023.

4

the retaining wall taken down and that water runoff issues arose after work had been done on local drains surrounding his house, which he could not control. *Id.* at 4-8. In support of its finding that Appellant did not exercise due diligence, the trial court stated as follows in its two-and-one-half-page opinion:

> [In] [Appellant's] [Pa. R.A.P.] 1925(b) Statement (Rule 1925(b) Statement)[,] [he] first argues that he has been acting in good faith and with due diligence since he received notice of the violations. [The trial c]ourt initially held a hearing on June 8, 2021, where [Appellant] admitted he owns the subject property and that the wall was in in disrepair. [(Hearing Transcript, June 8, 2021 (H.T. 2021), at 4-5)]. He agreed that he would have the wall fixed by the next hearing date if the hearing was continued for six months. [(H.T. 2021 at 16)]. The hearing was continued to April 5, 2022. No improvements had been made to the wall since the June 2021 hearing. The damaged wall was still in disrepair. [(H.T. 2022 at 2-4).] This case had been going on for four years. [Appellant] did not show due diligence. [Appellant] had not remedied the violations. Therefore, this Court adjudicated [Appellant] guilty.

(Trial Court Op. at 1-2.)

Based on the evidence before the trial court and its apparent finding that Appellant was not credible, the trial court found that Appellant did not exercise due diligence in correcting the longstanding issues with the wall. We accept the trial court's findings and credibility determinations in this regard and thus discern no error.

## B.   OWNERSHIP

Regarding ownership, the trial court noted that Appellant raised the issue for the first time at the April 5, 2022 hearing and further explained as follows:

> [Appellant] also claims that the Commonwealth failed to prove the subject wall was on his property. [Appellant] made the claim that the wall was not his for the first time during the April 5, 2022 hearing. His [Rule] 1925(b) Statement claims

5

that "neither [C]ode nor surveyor[']s wall or the property's boundaries alone [are] substantial proof of ownership in all cases for retaining walls[."]

The wall abuts the sidewalk. The document that [Appellant] showed [the trial c]ourt during the hearing showed that the property lines extend to the sidewalk. ([H.T. 2022] at 15). [Appellant] failed to present evidence of a survey or other documentation to show the retaining wall is not on his property. When a public street or highway is used as a boundary in a deed, the grantee takes title to the middle of the street. *Taylor v. Gross*, 171 A.2d 613, [617] (Pa. Super. 1961).

(Trial Court Op. at 2.)

Appellant thus contended, for the first time during the postponed second trial date and contrary to his previous position, that the Commonwealth did not prove that he owned the wall. It appears that the trial court, without making a specific finding of credibility, nevertheless did not find Appellant credible regarding his efforts to fix the wall and the issues he allegedly encountered in doing so. It appears that the trial court also determined that Appellant owned the wall and was responsible for its maintenance and repair.[10] Based upon the trial court's credibility determinations and findings and Appellant's failure to substantially establish by way of the record an abuse of discretion or error of law, we affirm the trial court's April 5, 2022 order.

_____
PATRICIA A. McCULLOUGH, Judge

---

[10] Because the Commonwealth did not comply with our directive to timely file a brief, we do not have the benefit of considering the Commonwealth's arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
                                   :
             v.                  :   No. 423 C.D. 2022
                                   :
Jeffrey Garry,                  :
            Appellant     :

## *ORDER*

AND NOW, this 4th day of August, 2023, the April 5, 2022 order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge