# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | |
| | : | |
| Joseph Maucailla, | : | No. 919 C.D. 2022 |
| Appellant | : | Submitted: May 7, 2024 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                           FILED: June 3, 2024

Joseph Maucailla (Maucailla) appeals, pro se, from the Schuylkill County Common Pleas Court's (trial court) May 25, 2022 order finding him guilty of two violations of the International Property Maintenance Code (Property Maintenance Code), which Girardville Borough (Borough) adopted by Ordinance 2016-17. The issue before this Court is whether the trial court's order should be affirmed.[1] After review, this Court affirms.

---

[1] In his Statement of Question(s) Involved, Maucailla does not set forth issues, but rather he states:

> I ask the judges why too much hate, with an abusive approach toward the integrity of my building and myself. My rights were violated because of my ethnicity in a discriminatory manner.

> As a Builder Developer Real Estate Contractor, with 40 years of experience in the industry[,] I always work by the rules, regulations[,] and codes with any city, to do any repair, addition or building new dwellings. And [w]hy in this small-town exit [sic] hate.

> I don't like corruption, neither discrimination against any ethnic group which exist in this small town. This has to be stop[ped] at once now.

> This illegal citation has to be dismissed because [it] does not specify in which part of my building I have to do the repair. [B]esides this

On August 24, 2019, Borough Code Enforcement Officer William Killian (Officer Killian) issued three non-traffic citations (R3149152-6, R3149151-5, and R3149154-1) to Maucailla for violations concerning his property located at 619 West Oak Street, Frackville, Pennsylvania (Property).  Specifically, Officer Killian determined that because of deterioration, neglect, or abandonment, the Property was likely to partially or completely collapse and therefore violated Section 108.1.5(3) of the Property Maintenance Code.[2]  *See* Reproduced Record (R.R.) at 9. On December 30, 2020, Officer Killian filed the citations with the Magisterial District Court.  On April 19, 2022, the Magisterial District Judge found Maucailla guilty of the violations, and imposed fines and costs totaling $392.25.  *See* R.R. at 10.

---

citation were [sic] produce the same date of the violation why, something is wrong. [Sic]

This is called intimidations, and abuse of authority.

Why the City does not fix the left side falling building next to my property of 132 W. Main Street which is damaging my exterior wall. These are row houses.

Maucailla Br. at 4.

[2] Section 108.1.5(3) of the Property Maintenance Code provides:

For the purpose of [the Property Maintenance C]ode, any structure or premises that has any or all of the conditions or defects described below shall be considered dangerous: Any portion of a building, structure or appurtenance that has been damaged by fire, earthquake, wind, flood, deterioration, neglect, abandonment, vandalism or by any other cause to such an extent that it is likely to partially or completely collapse, or to become detached or dislodged.

Reproduced Record at 63-64.  Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a . . . ."  Pa.R.A.P. 2173.  Maucailla did not include the small a in numbering the pages of his reproduced record.  For consistency, references to specific pages in the reproduced record will not be followed by an a.

Maucailla appealed to the trial court. The trial court held a de novo hearing on May 25, 2022, and found Maucailla not guilty of one violation (citation R3149152-6), and guilty of two violations (citations R3149151-5 and R3149154-1). Maucailla timely appealed to the Pennsylvania Superior Court. On June 29, 2022, the trial court directed Maucailla to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On July 6, 2022, the appeal was transferred to this Court.[3] By July 12, 2022 letter (July 12 Letter), Maucailla, *inter alia*, requested that the trial court dismiss the summonses. *See* R.R. at 55. On August 3, 2022, the trial court filed its opinion pursuant to Rule 1925(a), therein stating: "The trial court believes that [Maucailla] has waived any attempted issue before the Commonwealth Court by not completing the record (ordering the transcript) and by not filing of record a meaningful [Rule 1925(b) Statement] as required by the trial court order of June 29, 2022."[4] R.R. at 63.

By September 28, 2022 Order, this Court directed the parties to address in their principal briefs on the merits, or in an appropriate motion, whether Maucailla preserved any issues in light of his apparent failure to file a meaningful Rule 1925(b) Statement. On June 21, 2023, Maucailla filed his brief in this Court. Maucailla did not address the issue of whether he preserved any issues on appeal in light of his apparent failure to file a meaningful Rule 1925(b) Statement. On July 20, 2023, the Commonwealth of Pennsylvania (Commonwealth) filed its brief. Therein, the Commonwealth stated that the record does not reflect **any** Rule 1925(b) Statement

---

[3] This Court's review "of a trial court's determination on appeal from a summary conviction is limited to whether there has been an error of law or whether competent evidence supports the trial court's findings." *Commonwealth v. Hall*, 692 A.2d 283, 284 n.2 (Pa. Cmwlth. 1997).

[4] It appears that the trial court is referencing the July 12 Letter when it refers to a meaningful Rule 1925(b) Statement.

being filed.  *See* R.R. at 72-73 (docket entries).  Accordingly, the Commonwealth argues that because Maucailla failed to file a Rule 1925(b) Statement, Maucailla is deemed to have waived any issues for appellate review.

Initially, the Pennsylvania Supreme Court declared in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998): "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement].  Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived."  *Id*. at 309.  Our Supreme Court reaffirmed in *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002): "[A]ny issues not raised in a Rule 1925(b) [S]tatement are waived."  *Id*. at 634.  Finally, in *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), the Supreme Court explained:

> [T]he *Lord/Butler* rule remains necessary to [e]nsure trial judges in each appealed case [have] the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amen[]able to meaningful appellate review.  *See Lord*, 719 A.2d at 308.  This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a [Rule] 1925(b) [S]tatement or to include certain issues within a filed [Rule 1925(b) S]tatement."  *Butler*, 812 A.2d at 633.  Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Castillo*, 888 A.2d at 779-80; *see also Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005) (companion case to *Castillo*).

The *Castillo* Court expounded:

> [W]e specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived.  *See, e.g.,*

4

> *Commonwealth v. Alsop*, 799 A.2d 129 (Pa. Super. 2002) (declining to waive issues raised in [an] untimely [Rule] 1925(b) [S]tatement based on finding of no impediment to appellate review given trial court's discussion of issues); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa. Super. 2000) (same).

*Castillo*, 888 A.2d at 780; *see also Schofield*.

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925[(b)], it is the trial court's order that triggers an appellant's obligation under the rule[] and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). In *Berg*, one of the issues before the Pennsylvania Supreme Court was "[w]hether the [Pennsylvania] Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b) Statement], when the trial judge's order directing a [Rule 1925(b) Statement] to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [] Rule 1925(b)[.]" *Berg*, 6 A.3d at 1005.

> The Pennsylvania Supreme Court explained:
>
> [T]he trial court's order instructed [the a]ppellants to "*file with the* [*c*]*ourt, and a copy with the trial judge*, a [Rule 1925(b) Statement] within twenty-one (21) days of the issuance of this order." Order, 1/3/[20]08 (emphasis added). Despite any suggestion to the contrary, the express language of [its] order *did not* instruct [the a]ppellants to *serve* a copy of their [Rule] 1925(b) Statement on the trial judge; rather, it directed [the a]ppellants to *file* copies of their [Rule] 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, we conclude [the a]ppellants substantially complied with this directive by presenting a copy to the prothonotary of Berks County.

*Berg*, 6 A.3d at 1008. The *Berg* Court's holding was limited to its facts, as explained therein:

[The *Berg* Court] hold[s] that **the issues raised in** [**the a**]**ppellants'** [**Rule**] **1925(b) Statement were not waived**, despite the fact that the [Rule 1925(b) S]tatement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and **where the** [**trial**] **court's Rule 1925(**[**b**]**) order specified** "**filing**" **and not** "**service**."

*Berg*, 6 A.3d at 1012 (emphasis added).

Here, the trial court's order stated:

AND NOW, this 29th day of June, 2022, it is hereby ORDERED that [**Maucailla**] **shall**, pursuant to [Rule] 1925(b), **file of record** and serve on the trial **judge a** [**Rule 1925(b) Statement**] **no later than twenty-one (21) days after the date of entry of this** [o]**rder on the docket**. Service of the [Rule 1925(b) S]tatement on the trial judge shall be by first class mail at the Chambers of Judge Stine, 401 N. Second Street, Pottsville, Pennsylvania 17901. Service shall also be made on the prosecutor, Arlen R. Day, Esquire, One Mahantongo Street, Pottsville, Pennsylvania 17901, concurrent with filing as per [Rule] 121(c).

**Any issue not properly** included in the [Rule 1925(b) S]tatement and **timely filed** and served as required by this [o]rder and [Rule] 1925(b), **shall be deemed waived**.

R.R. at 54 (emphasis added).

Rule 1925(b) expressly provides, in relevant part:

**Direction to File Statement of Errors Complained of on Appeal**; **Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ([]judge[]) desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ([Rule 1925(b)] Statement[]).

(1) *Filing and Service.* **The appellant shall file of record the** [**Rule 1925(b)**]] **Statement** and concurrently shall serve the judge. Filing of record shall be as provided in

6

[Rule] 121(a) . . . . Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under [Rule] 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [Rule 1925(b)] Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [Rule 1925(b)] Statement[,] so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*.

. . . .

(3) *Contents of order.* The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the [Rule 1925(b)] Statement;

(ii) **that the** [**Rule 1925**(b)] **Statement shall be filed of record**;

(iii) that the [Rule 1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [Rule 1925(b)] Statement in person and the address to which the appellant can mail the [Rule 1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [Rule 1925(b)] Statement on the judge; and

(iv) **that any issue not properly included in the** [**Rule 1925(b)**] **Statement timely filed** and served **pursuant to subdivision (b) shall be deemed waived**.

(4) *Requirements; waiver.*

. . . .

(vii) Issues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b) (text emphasis added).

In the instant matter, the trial court's order clearly specified that "the defendant shall, pursuant to [Rule] 1925(b), file of record and serve on the trial judge a [Rule 1925(b) Statement] no later than twenty-one (21) days after the date of entry of this [o]rder on the docket" and that "[a]ny issue not properly included in the [Rule 1925(b) S]tatement and timely filed and served as required by this [o]rder and [Rule] 1925(b), shall be deemed waived." R.R. at 54. Rule 1925(b) is mandatory. "Pursuant to [Rule 1925(b)], an appellant **must** comply whenever the trial court orders the filing of a [Rule] 1925(b) [S]tatement in order to preserve a claim for appellate review." *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007) (emphasis added); *see also Greco v. City of Wilkes-Barre* (Pa. Cmwlth. No. 1425 C.D. 2019, filed Mar. 2, 2021), slip op. at 12 ("Greco's failure to file its Rule 1925(b) Statement with the trial court prothonotary as directed requires this Court to conclude that the issues raised in Greco's Rule 1925(b) Statement were waived."); *Sampson v. Bureau of Admin. Adjudication* (Pa. Cmwlth. No. 1296 C.D. 2019, filed Dec. 8, 2020).[5]

> This holding comports with [the Pennsylvania Supreme] Court's view on pro se litigants. *See Vann v.*

---

[5] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value, but not as binding precedent. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

> *Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 494 A.2d
> 1081, 1086 ([Pa.] 1985) (pro se litigant must to some
> extent assume the risk that his lack of legal training will
> prove his undoing); *Commonwealth v. Abu-Jamal*, . . . 555
> A.2d 846, 852 ([Pa.] 1989) (pro se litigant "is subject to
> same rules of procedure as is a counseled defendant; he
> has no greater right to be heard than he would have if he
> were represented by an attorney"); [*s*]*ee also*[] *Jones v.
> Rudenstein*, . . . 585 A.2d 520, 522 [(Pa. Super. 1991)] . . .
> (pro se litigant not absolved of complying with procedural
> rules and courts have no affirmative duty to walk pro se
> litigant through the rules).

*Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 n.5 (Pa. 1996) (italics omitted); *Sampson*, slip op. at 6. Consequently, Maucailla's failure to file a Rule 1925(b) Statement with the trial court prothonotary as the trial court directed requires this Court to conclude that any issues raised in Maucailla's July 12 Letter are waived.[6]

For all of the above reasons, the trial court's order is affirmed.

---

[6] Because Maucailla did not file a Rule 1925(b) Statement of record, this Court need not address whether the July 12 Letter was considered a *meaningful* Rule 1925(b) Statement.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
     v.      :
     :
Joseph Maucailla,      :      No. 919 C.D. 2022
     Appellant      :

PER CURIAM             O R D E R

AND NOW, this 3rd day of June, 2024, the Schuylkill County Common Pleas Court's May 25, 2022 order is affirmed.